UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELILAH CANDICE WRIGHT; N.R.; C.W.,

Plaintiffs,

-against-

NEW YORK CITY POLICE DEPARTMENT;
ET AL.,

Defendants.

24-CV-0623 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Delilah C. Wright, who is appearing *pro se*, brings this action on her own behalf

and on behalf of her minor children.[1] By order dated February 20, 2024, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For

the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended

complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that
refer to the name of a minor child must do so by using only the child's name's initials. *See* Fed.
R. Civ. P. 5.2(a)(3). Plaintiff's complaint reveals full names of her minor children. The Court has
directed the Clerk of Court to restrict electronic access to that submission to a "case participant-
only" basis. If Plaintiff refers to a minor child in any future filings, she must comply with Rule
5.2 by using only that child's initials.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff invokes the court's diversity of citizenship jurisdiction, and names the following as Defendants: the New York City Department of Homeless Services; Newark International Airport; New Jersey Transit Police; Good Shepherd Services; Port Authority Police Department; Port Authority of New York and New Jersey; New York City Department of Education; New

York City Health and Hospitals Corporation; New York City Transit Authority; Fire Department

of New York; Borough of Manhattan Community College ("BMCC"); "Walmart Headquarters";

Dunkin Donuts; Air BnB; New York City Administration of Childrens Services; "Early Learning

Coalition Headquarters"; Union City (Georgia) Police Department; Ward County Texas Sheriff's

Department; and "Greyhound Headquarters."

      The following allegations are taken from the complaint. Plaintiff's clams against

Greyhound and the Ward County Sheriff's Department arose on August 4, 2021. Plaintiff "was

thrown off the bus for wanting to sit in a different seat . . . because of a mess [her] youngest

daughter made on the seat [they] previously sat in." (ECF 1, at 25.) The bus passengers "became

very violent" toward Plaintiff. (*Id.* at 25.) The Ward County, Texas, Sheriff's Department came

to the scene and Plaintiff was "illegally arrested." (*Id.*) During the arrest, Plaintiff was

"assaulted, drugged," separated from her children, and "shot . . . in the face with a pepper spray

gun." (*Id.* at 26.)

      In September 2021, Plaintiff's children were "neglected" and "bullied" by Early Learning

Center staff. (*Id.* at 26.)

      On April 14, 2022, an Emergency Medical Technician, was called to a shelter unit in

which Plaintiff was staying after a "911 call was made to report sexual assault" on Plaintiff's

children. (*Id.*) "A janitorial worker was seen climbing onto the fire escape of the bathroom

window to the shelter unit in which the children" and Plaintiff resided while Plaintiff's children

were using the bathroom. (*Id.*) Plaintiff alleges,

> I myself personally however did not witness the interaction but my daughter
> [redacted] was able to give an adequate description of the man who had climbed
> into the window and I recognized this man as the janitorial worker who had
> shortly prior to this incident had set down mouse traps in the unit because of a
> report of a rat in the unit the night before. With no tangible evidence of a mental
> health disorder or proper evaluation EMT of the Fire Department of the New York

City illegally detained the children along with New York Police Department and
forcibly admitted me into an ambulance to be mentally evaluated in Bronx Care
hospital . . . .

(*Id.* at 26-27.) As a result of "malpractice and negligence," Plaintiff's children were placed in

foster care." (*Id.* at 27.)

Plaintiff alleges that during her evaluation, presumably at Bronx Care Hospital, Dr.

Benjamin Awad told her she was cleared to be released from the hospital, but "[a]gainst those

orders [she] was forcibly admitted . . . for three days due to a diagnosis of psychosis that [she]

showed no symptoms of." (*Id.* at 29.)

During an April 18, 2022 proceeding before the Bronx Family Court, Plaintiff

experienced "[h]arassment, bias, and many civil rights violations." (*Id.* at 31.) She alleges that,

"[a]fter submitting documentation and preponderance of evidence to support the claims of

abuse[,] the rights of me and my children were deliberately ignored and mishandled by Judge

Grace Park and multiple other jurists of the court including magistrate personnel who witnessed

the harassment and at times participated." (*Id.*)

Beginning in June 2022, Good Shepherd Services staff "harassed and sabotaged my visits

and continues to allow abuse to happen to my children to terminate parental rights." (*Id.*)

On August 9, 2023, Plaintiff was arrested by Union City (Georgia) police officers for

shoplifting at a Union City Walmart. Plaintiff maintains she was "arrested for being robbed and

had a receipt in hand of my obtained purchase." (*Id.* at 32.)

With respect to Air BnB, Plaintiff alleges,

I have been consistently harassed and hazed in the form of bullying by staff. The
sexual assault of my children as well as my case has been used to promote hate

4

crimes and bullying to me and my children because of my social status of Foxxy
Vixxen an up and coming entertainer.[2]

(*Id.*) Plaintiff was "denied the right to use the services and harassed by staff during multiple

interactions." (*Id.*)

Plaintiff also has been "harassed," "hazed," and "bullied" by staff and students at BMCC

as a result of her "social status of Foxxy Vixxen." (*Id.*) Students have harassed and assaulted her

at several restaurants near BMCC's campus, and on the train between Newark, New Jersey, and

the Word Trade Center in Manhattan.

On January 18, 2024, Plaintiff was "detained illegally for fare evasion and sexual[ly]

assaulted and harassed by officers who ignore others harassing me while I was being arrested

even letting someone obtain my personal information." (*Id.* at 33.)

Plaintiff was "harassed" and "hazed" at Newark International Airport, on the NJ Transit

bus, and at Dunkin Donuts. (*Id.*) On December 5, 2023, Plaintiff was harassed by various

customers on a New York City bus because she is "a well-known entertainer Foxxy Vixxen," but

the driver told her to "ignore it." (*Id.* at 34.)

Staff of the New York City Department of Education was "negligent" and "bullying"

towards Plaintiff's children. (*Id.* at 33.) School staff neglected her children "when arriving at the

school with bruises and injuries obtained due to the child result of bullying and harassment from

peace officers and staff as well as students who work and are students at this campus." (*Id.* at

34.)

Plaintiff seeks money damages.

---

[2] Elsewhere in the complaint, Plaintiff states that she is also known as Foxxy Vixxen, "a
well-known entertainer." (*Id.* at 34.)

## DISCUSSION

### A.      Claims on Behalf of Plaintiff's Children

Plaintiff brings claims on behalf of her minor children. However, a nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

"In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the 'threshold question' is 'whether a given matter is plaintiff's own case or one that belongs to another.'" *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

Here, because Plaintiff is not an attorney, she cannot bring claims on behalf of her minor children. The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of her children.

### B.      Claims Previously Asserted

Plaintiff has previously filed an action in this court arising from her April 2022 forced hospitalization and ACS's removal of her children from her custody. *See Wright v. Admin.*

*Children Servs.*, No. 23-CV-10381 (LTS) (S.D.N.Y.).[3] In that action, Plaintiff sued ACS, Good Shepherd Services, Bronx Family Court, Bronx Criminal Court, Brooklyn Criminal Court, Department of Homeless Services, and the NYPD. By order dated February 14, 2024, the Court dismissed the complaint but granted Plaintiff 30 days' leave to replead her claims in an amended complaint. To the extent Plaintiff seeks to assert claims in this action that she has previously asserted in No. 23-CV-10381, or arising from the events giving rise to her claims in No. 23-CV-10381, those claims are dismissed without prejudice to Plaintiff pursuing those claims in No. 23-CV-10381.

**C.    Improper Joinder**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as she has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted, alteration in original)). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Here, Plaintiff has attempted to assert unrelated claims against multiple different defendants. For example, the complaint includes allegations related to an arrest in Georgia, an

---

[3] Plaintiff also filed another action arising from the same events, which the Court dismissed as duplicative of her claims in No. 23-CV-10381. *See Wright v. Admin. of Child. Servs.*, No. 23-CV-10524 (LTS) (S.D.N.Y. Nov. 28, 2023).

arrest in Texas, harassment by various and unrelated defendants at different times and different places in New York and New Jersey, as well as the allegations related to her hospitalization and Bronx County Family Court proceedings that were raised in No. 23-CV-10381. These claims are improperly joined. The Court grants Plaintiff leave to file an amended complaint concerning one of the incidents she details in her current complaint and, if she wishes, additional separate complaints that comply with Rules 18 and 20 governing joinder and parties. If she wishes to pursue unrelated claims against multiple different defendants, she must bring those claims in separate actions. As discussed above, Plaintiff should not reassert any claims that are currently pending under docket number 23-CV-10381.

**D.     Subject Matter Jurisdiction**

If Plaintiff files an amended complaint, she must also allege facts demonstrating that the Court has subject matter jurisdiction of her claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-

89 (2d Cir. 1996). If Plaintiff asserts claims under the Court's federal question jurisdiction in her amended complaint, she must allege facts demonstrating a federal cause of action.

To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff may be attempting to assert state law claims in the complaint. She does not demonstrate that the Court has diversity of citizenship jurisdiction of this actions, however, because she alleges that both she and many of the defendants are citizens of New York. If Plaintiff seeks to assert state law claims under the Court's diversity of citizenship jurisdiction in the amended complaint, she must allege facts demonstrating that she and all defendants are citizens of different states and that her claims are worth in excess of the $75,000 jurisdictional threshold.

## E.    Venue

Under the general venue statute, which applies to a federal constitutional claim under 42 U.S.C. § 1983 and claims under state law, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See*

28 U.S.C. § 1391(c)(1), (2). If Plaintiff files an amended complaint, she should be mindful of whether this Court is a proper venue for her claims.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that amendment is futile, the Court grants Plaintiff 60 days' leave to amend her complaint to detail the claims she is asserting on his own behalf.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Plaintiff should assert only claims on her own behalf that have not previously been asserted in No. 23-CV-10381, and her amended complaint must comply with Rules 18 and 20 of the Federal Rules of Civil Procedure, as discussed above, and allege facts demonstrating that the Court has subject matter jurisdiction of her claims.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-0623 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____          ____ Civ. _____ ( ____ )
_____
*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                                            **COMPLAINT**

                        -against-

_____          Jury Trial:   ☐ Yes        ☐ No
_____                              (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name _____
                Street Address _____
                County, City _____
                State & Zip Code _____
                Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 2        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 3        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 4        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions              ☐ Diversity of Citizenship


B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
        _____
        _____


C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____
        _____

III.    **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.       Where did the events giving rise to your claim(s) occur? _____

_____

B.       What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.       Facts: _____

_____

What
happened
to you?

_____
_____
_____

Who did
what?

_____
_____

_____

Was anyone
else
involved?

_____
_____

Who else
saw what
happened?

_____
_____
_____

IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address      _____

_____

_____

Telephone Number      _____

Fax Number *(if you have one)*   _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

Inmate Number      _____