UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELILAH CANDICE WRIGHT; N.R.; C.W., <br><br>                     Plaintiffs, <br><br> -against- <br><br> NEW YORK CITY POLICE DEPARTMENT; DEPARTMENT OF HOMELESS SERVICES; GOOD SHEPHERD SERVICES; PORT AUTHORITY NY & NJ; NEW YORK CITY TRANSIT AUTHORITY (MABSTOA); FIRE DEPARTMENT OF NEW YORK; ADMINISTRATION OF CHILDRENS SERVICES, <br><br>                     Defendants. | 24-CV-0623 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff is proceeding *pro se* and *in forma pauperis*. By order dated April 15, 2024, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on June 14, 2024, and the Court has reviewed it. Plaintiff invokes the court's federal question jurisdiction, and states that she is asserting claims under the Fourteenth Amendment. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

By order dated April 15, 2024, the Court addressed Plaintiff's original complaint, holding that: (1) Plaintiff could not bring claims on behalf of her minor children; (2) claims regarding Plaintiff's April 2022 involuntary hospitalization and ACS's removal of her children from her custody were already pending in *Wright v. Admin. Children Servs.*, No. 23-CV-10381 (LTS) (S.D.N.Y. filed Nov. 28, 2023), and could not be brought in this matter; (3) Plaintiff had improperly joined multiple unrelated claims against different defendants, such as allegations

about her arrests in Georgia and Texas, and harassment from different defendants at different times and places in New York and New Jersey; and (4) Plaintiff had invoked the Court's diversity jurisdiction but did not plead facts showing that the parties had diverse citizenship. (ECF 5.) The Court granted Plaintiff leave to file an amended complaint to cure these deficiencies.

On June 14, 2024, Plaintiff filed an amended complaint. (ECF 6.) The amended complaint is brought on behalf of her minor children, in addition to being brought on her own behalf. (ECF 6 at 1.) Plaintiff's factual allegations are included in a series of letters, addressed "To whom it may concern," that are attached to the complaint. Plaintiff asserts claims arising from two unrelated incidents. In one attachment, Plaintiff alleges that, on December 5, 2023, passengers on a New York City bus used racial slurs against her. (*Id.* at 12.) Plaintiff reported their behavior to the bus driver, who suggested that Plaintiff "[i]gnore it." (*Id.* at 12.) Plaintiff sues the "New York City Transit Authority (MABSTOA),"[1] seeking $5 million in damages. Plaintiff also names the Port Authority NY & NJ, and although she does not make any allegations about this defendant, she may have named the Port Authority in connection with this claim.

Plaintiff also reasserts the claims regarding her involuntary hospitalization in April 2022 and the removal of her children by ACS, which she was directed not to include in this action because she is litigating a separate suit with such claims. In the amended complaint, Plaintiff makes the following allegations. On April 14, 2022, while her minor children were using the

---

[1] MaBSTOA refers to the Manhattan and Bronx Surface Transit Operating Authority. MaBSTOA and NYCTA are separate entities, but MaBSTOA "is a subsidiary of the NYCTA." *See Toriola v. New York City Transit Auth.*, No. 02-CV-5902 (RJH), 2005 WL 550973, at *4 (S.D.N.Y. Mar. 9, 2005) (citing Public Authorities Law § 1201).

3

bathroom at a shelter, her daughter saw a man "climbing onto the fire escape of [a] bathroom window to the shelter unit." (*Id.* at 13.) Plaintiff "did not witness the interaction," but her daughter "was able to give an adequate description of the man" and Plaintiff recognized him as a janitorial worker who had previously set mouse traps in the unit. (*Id.*) Someone, possibly Plaintiff, called 911. An emergency medical technician with the FDNY and NYPD "illegally detained the children . . . and forcibly admitted [Plaintiff] into an ambulance to be mentally evaluated" at BronxCare Hospital. (*Id.* at 13.) The EMT did so, without a "proper evaluation," and even though Plaintiff exhibited "no tangible evidence of a mental health disorder." (*Id.*) Plaintiff maintains that "[t]he direct result of this malpractice and negligence" was that her children were removed from her custody and placed in foster case. (*Id.*) She also alleges that injuries "in the form of emotional injur[y], sexual abuse, and physical abuse were accrued." (*Id.* at 13.) ACS staff "ignored" these injuries. (*Id.* at 14.) Plaintiff seeks $10 million in damages from the FDNY, and $40 million in damages from ACS. (*Id.* at 13-14.)

While Plaintiff was at BronxCare Hospital, Dr. Benjamin Awad told Plaintiff that she was cleared forrelease, but "[a]gainst those orders, [she] was forcibly admitted into the hospital for three days dur a disagnosis of psychosis." (*Id.* at 15.) She seeks $10 million in connection with this claim (*Id.*) Elsewhere in the attachments, Plaintiff alleges that non-party "mental health disorder Director of Social Services Patrick Bonna ordered" the FDNY and NYPD to detain Plaintiff's children and admit her to the hospital. (*Id.* at 17.)

From June 19, 2022 through the present, staff at Good Shepherd Service "harassed and sabotaged" Plaintiff's visits with her children and "allo[w] abuse to happen to [her] children to terminate [her] parental rights. (*Id.* at 16.) Plaintiff further alleges that unidentified employees of Good Shepherd lied in court documents.

4

## DISCUSSION

### A. Claims on behalf of Plaintiff's children

In its prior order, the Court dismissed any claims that Plaintiff sought to assert on behalf of her children because a nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"); *see also* ECF 5, at 6. In her amended complaint, Plaintiff again attempts to bring claims on behalf her children. Because Plaintiff is not an attorney, she cannot bring claims on behalf of her minor children. The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of her children.

### B. Claims arising from Involuntary Hospitalization and ACS matters

As set forth in the Court's prior orders, at the time she filed this action, Plaintiff's claims regarding her April 2022 involuntary hospitalization and ACS's removal of her children from her custody were already pending in *Wright v. Admin. Children Servs.*, No. 23-CV-10381 (LTS) (S.D.N.Y. filed Nov. 28, 2023).[2] In that action, Plaintiff sued ACS, Good Shepherd Services, Bronx Family Court, Bronx Criminal Court, Brooklyn Criminal Court, Department of Homeless Services (DHS), and the NYPD. In addition to the fact that Plaintiff was already pursuing claims arising from the same facts in a separate action in this district, the Court also noted that Plaintiff could not join multiple unrelated matters against different defendants in a single action. The

---

[2] The Court also noted in the April 15, 2024 order to amend that Plaintiff had also filed another suit arising from her involuntary hospitalization and ACS's removal of her children, *Wright v. Admin. of Child. Servs.*, No. 23-CV-10524 (LTS) (S.D.N.Y. Nov. 28, 2023), which had been dismissed as duplicative of her claims in *Wright*, No. 23-CV-10381 (LTS).

Court dismissed Plaintiff's claims arising from Plaintiff's April 2022 involuntary hospitalization and ACS's removal of her children from this action, without prejudice to Plaintiff pursuing those claims in her pending suit in *Wright*, No. 23-CV-10381.

Despite the Court's direction not to include claims regarding her April 2022 involuntary hospitalization and ACS's removal of her children, which were already being litigated, Plaintiff again attempts to reinsert these claims in this action, naming ACS, Good Shepherd Services, DHS, and the NYPD in the amended complaint.[3] The Court therefore dismisses these claims without prejudice to any relief that may be available to her in *Wright*, No. 23-CV-10381.[4]

Insofar as Plaintiff also seeks to add any new claim against Good Shepherd Services based on events that arose after her claims against this defendant in *Wright*, No. 23-CV-10381, such claims are also beyond the scope of the leave to amend granted. Any such claims, which are wholly unrelated to Plaintiff's sole remaining claim in this action about the use of racial slurs against her on the bus in 2023, are also dismissed without prejudice.

---

[3] In the amended complaint, Plaintiff also adds the Fire Department of New York (FDNY) as a defendant for claims arising from her April 2022 involuntary hospitalization and ACS's removal of her children.

[4] In *Wright*, No. 23-CV-10381, 6, the Court dismissed Plaintiff's claims against the NYPD, DHS, and ACS because these entities lack the capacity to be sued, and held that Plaintiff had not stated a claim that any policy, custom, or practice of the City of New York had caused a violation of her rights. Plaintiff also had not stated a claim against Good Shepherd Services, both because she had not included allegations of wrongdoing and because she did not show that Good Shepherd was acting under color of state law for purposes of a Section 1983 claim. The Court further held that the federal district court could not review the Family Court's child custody award or direct the prosecutor to "drop" charges then pending against her in the Brooklyn Criminal Court. Plaintiff's allegations of false arrest or involuntary commitment in violation of her rights were held to be insufficient to comply with Rule 8. The Court granted Plaintiff leave to amend. Plaintiff did not do so, and on July 3, 2024, judgment was entered.

C.  **Liability for harassment**

Plaintiff's sole remaining claim is that unidentified passengers used racial slurs against her on the bus in 2023, and the bus driver suggested that she ignore it. Plaintiff can be understood as asserting this claim against the New York City Transit Authority (MABSTOA) and possibly the Port Authority of NY and NJ. Plaintiff invokes the Fourteenth Amendment and seeks $5 million in damages.

The NYCTA and the Port Authority both have the legal capacity to be sued. *See Pabon v. New York City Transit Auth.*, 703 F. Supp. 2d 188, 191 n.1 (E.D.N.Y. 2010) (citing N.Y. Pub. Auth. L. § 1204(1) and noting that the general powers of the NYCTA include the power "[t]o sue and be sued"); N.Y. Unconsol. Laws § 7101 (consent to suits against Port Authority).[5] Claims against NYCTA and the Port Authority are treated as a claim against a municipality for purposes of Section 1983. *See Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 38 (2d Cir. 1985) ("[T]he Port Authority was properly dismissed because there was no showing that the injury was caused by execution of a custom or policy of the Port Authority, as required by *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 [(1978)]."); *Cumberbatch v. Port Auth. of N.Y. & N.J.*, No. 03-CV-0749 (BSJ), 2006 WL 3543670, at *6 (S.D.N.Y. Dec. 5, 2006) ("Although the Port Authority is not technically a municipality, courts have treated it as such and have analyzed claims against it under the standards governing municipal liability under § 1983." (internal quotation marks and citation omitted)).

---

[5] The Court also notes that the Port Authority does not enjoy Eleventh Amendment immunity from suit in federal court. *Feeney v. Port Auth. Trans-Hudson Corp.*, 873 F.2d 628, 629-30, 633 (2d Cir. 1989) ("We conclude that the Port Authority . . . is not a state agency for Eleventh Amendment purposes."), *aff'd*, 495 U.S. 299 (1990); *see also Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 42 (1994) ("[T]here is good reason not to amalgamate Compact Clause entities with agencies of 'one of the United States' for Eleventh Amendment purposes.").

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff's allegations that a bus driver suggested that she ignore harassment from other bus passengers are insufficient to show that any policy, custom, or practice of the NYCTA or the

8

Port Authority caused a violation of her rights.[6] Plaintiff's claims against the NYCTA and the Port Authority are therefore dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[6] Allegations of verbal harassment coupled with other injury can state a claim for a violation of constitutional rights. *See Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010) (summary order). It is well established, however, that "verbal harassment alone does not amount to a constitutional deprivation." *Ali v. Connick*, 136 F. Supp. 3d 270, 276 (E.D.N.Y. 2015). Even "the use of racial slurs or epithets reflecting racial prejudice, although reprehensible, does not form the basis of a claim pursuant to [Section] 1983," absent some additional appreciable injury. *Baskerville v. Goord* (BSJ), No. 97-CV-6413, 2000 WL 897153, at *3 (S.D.N.Y. July 6, 2000); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (holding that name-calling without "any appreciable injury" did not violate inmate's constitutional rights); *Haussman v. Fergus*, 894 F. Supp. 142, 149 (S.D.N.Y. 1995) ("[T]he taunts, insults and racial slurs alleged to have been hurled at plaintiff by defendants, while reprehensible if true, do not comprise an infringement of constitutional guarantees."). Here, the alleged verbal harassment by private individuals would not state a claim under Section 1983 for a violation of Plaintiff's constitutional rights even if she had named the private individuals who were personally involved.

E.       **Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, Plaintiff had an opportunity to amend and her amended complaint repeated the defects identified in her initial complaint. Moreover, Plaintiff's amended complaint gives no indication that the defects can be cured with further amendment. Accordingly, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses withour prejudice any claims Plaintiff is asserting on behalf of her minor children. Plaintiff's claims against ACS, Good Shepherd Services, DHS, the NYPD, and the FDNY are dismissed without prejudice.

The Court dismisses Plaintiff's claims, under 42 U.S.C. § 1983, against the NYCTA and the Port Authority of NY & NJ for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

Dated:   October 7, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge